HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.B., individually,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Joel Longares, Sr., in his individual capacity; as the Owner and Chairman of Atlas Shippers International, Inc., a California Corporation with Washington affiliates; and as CEO of Atlas Express Padala, Inc., a California Corporation with Washington affiliates<br><br>　　　　　　　　Defendants. | Case No: 2:23-cv-00938-TSZ<br><br>**JOINT STATUS REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 9), Plaintiff R.B. and Defendants Joel Longares, Sr., Atlas Shippers International, Inc. and Atlas Express Padala, Inc., submit the following Joint Status Report ("Report"). The Parties held a telephone conference pursuant to FRCP 26(f) on August 11, 2023. During that conference, the Parties discussed:

**1.　A statement of the nature and complexity of the case**

The case is a single plaintiff employment dispute. Defendants assert that Plaintiff's claims are subject to arbitration. Plaintiff and many of the likely witnesses are native Tagalog speakers

JOINT STATUS REPORT
CASE NO: 2:23-CV-00938-TSZ - 1

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

who speak English as a second language. Accordingly, the case could be complicated because the parties will need to translate documents and retain interpreters for hearings, depositions, and trial.

**2.      A proposed deadline for the joining of additional parties.**

At this time, the Parties do not believe there are any additional parties that will need to be joined. As discussed in detail below, counsel for Plaintiff will be starting a significant criminal trial on September 18, 2023, which may last for several weeks. Accordingly, the Parties propose a deadline of October 23, 2023 for the joining of additional parties.

**3.      Proposed discovery plan**

A.      Initial disclosures

Due to plaintiff's counsel's pending trial, the parties agree to exchange initial disclosures by October 23, 2023.

B.      Subjects, timing, and potential phasing of discovery

The parties expect that the subjects of discovery will include the allegations in the Complaint and may include Plaintiff's alleged relationship with Defendant Longares, the parties relationships with other individuals, and other related issues.

Discovery should conclude 130 days before trial.

C.      Electronically stored information

Electronically stored information is likely to include: emails, text messages, other electronic communications, computers, cellphones, and other mobile electronics. Collection of this information may be difficult because plaintiff's cellphone may have been collected by law enforcement.

JOINT STATUS REPORT
CASE NO: 2:23-CV-00938-TSZ - 2

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

D. <u>Privilege issues</u>

The parties do not expect there to be unique or extensive claims of privilege or work product protection are contemplated at this time. The Parties continue to discuss whether submission of an order pursuant to Fed. R. Evid. 502(d) is necessary and appropriate.

E. <u>Proposed limitations on discovery</u>

<u>Depositions</u>

The parties believe that the default of 10 seven-hour depositions set by Fed. R. Civ. P. 30 will be sufficient for this case and reserve the right to seek additional deposition time on good cause.

<u>Interrogatories</u>

The Parties propose that the default of 25 interrogatories set forth in Fed. R. Civ. P. 33 will be sufficient for this case and reserve the right to seek propound additional interrogatories on good cause.

F. <u>The need for any discovery related orders</u>

The parties do not presently anticipate the need for discovery-related orders, but reserve their right to seek discovery related orders if necessary in the future.

JOINT STATUS REPORT
CASE NO: 2:23-CV-00938-TSZ - 3

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

**4.    The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1)**

A.    Prompt case resolution

The Parties will endeavor to be efficient in taking discovery and preparing this matter for trial, and wherever possible, promote the prompt resolution including ongoing discussions of possible settlement as the case develops.

B.    Alternative dispute resolution

The parties are open to alternative dispute resolution and are pursuing possible mediation to resolve this case. In addition, Defendants assert that Plaintiff's claims are subject to arbitration and will seek to enter into arbitration by stipulation. Defendants intend to bring a motion to compel arbitration if the parties cannot reach agreement on this issue.

C.    Related cases

The Parties are not aware of any related cases pending in this or other jurisdictions.

D.    Discovery management

The Parties agree to cooperate in good faith during discovery, to use best efforts to comply with discovery requests, and to act reasonably in propounding discovery.

E.    Anticipated discovery sought

See Section 4(B).

JOINT STATUS REPORT
CASE NO: 2:23-CV-00938-TSZ - 4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

F. <u>Phasing of motions</u>

Defendants assert that Plaintiff's claims are subject to arbitration. If the parties cannot agree to stipulate to submitting this matter to arbitration, they will file a motion to compel arbitration before the end of September 2023 and will agree to a briefing schedule that is compatible with Plaintiff's Counsel's September 2023 trial.

G. <u>Preservation of discoverable information</u>

The Parties will comply with the rules of discovery with regard to preservation of discoverable information, including Fed. R. Civ. P. 37(e), and do not know of any failures to preserve relevant evidence at this time. The Parties reserve their right to seek sanctions or other relief if a failure to preserve is discovered at a later time.

H. <u>Privilege issues</u>

See Section 4(D), above.

I. <u>Model Protocol for Discovery of ESI</u>

The parties continue to discuss ESI and anticipate agreeing to submit a Protocol for Discovery of ESI based on the Model Protocol for Discovery of ESI as described in greater detail in Section 4(C), above. The parties will revisit whether there is a need to submit this protocol after resolving the issue of arbitration.

J. <u>Alternatives to Model Protocol</u>

The Parties' discussions of ESI are addressing the topics set forth in LCR 26(f)(1)(J), and currently anticipate submit a Protocol for Discovery of ESI based on the Model Protocol for Discovery of ESI.

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

**5. The date by which discovery can be completed**

April 24, 2024.

**6. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way**

The parties agree that the case should not be bifurcated.

**7. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The Parties agree that the pretrial statements and pretrial order should not be dispensed with.

**8. Any other suggestions for shortening or simplifying the case.**

At this time, the Parties have no other suggestions for shortening or simplifying the case.

**9. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.**

The parties tentatively believe that this case will be ready for trial in January 2025.

**10. Whether the trial will be jury or non-jury.**

Jury.

JOINT STATUS REPORT
CASE NO: 2:23-CV-00938-TSZ - 6

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

**11.** **The number of trial days required.**

The parties believe that 6 trial days will be required.

**12.** **The names, addresses, and telephone numbers of all trial counsel.**

For Plaintiff
Casey Arbenz
Puget Law Group
938 Broadway
Tacoma, WA 98402
253.627.4696

For Defendants
Sarah Turner
Gordon Rees Scully Mansukhani
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
206-695-5115

Daniel Culicover
Gordon Rees Scully Mansukhani
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
206-695-5154

**13.** **The dates on which the trial counsel may have complications to be considered in setting a trial date.**

Plaintiff's counsel unavailable: September 18, 2023,

Defendants' counsel unavailable: May 20, 2024, early-January 2025 (date TBD by Judge Martinez in different case).

JOINT STATUS REPORT
CASE NO: 2:23-CV-00938-TSZ - 7

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

14. **If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

Service on Defendants has been effected.

15. **Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

The parties are requesting a scheduling conference.

16. **List the date(s) that each and every non-governmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

Defendants filed their corporate disclosure statements pursuant to Fed. R. Civ. P. 7.1 on June 30, 2023.

Dated: August 28, 2023

| PUGET LAW GROUP | GORDON REES SCULLY MANSUKHANI, LLP |
|---|---|
| By: */s/ Casey M. Arbenz*<br>Casey M. Arbenz, WSBA #40581<br>938 Broadway<br>Tacoma, WA 98402<br>Phone: (253) 627-4696<br>Email: casey@pugetlawgroup.com<br><br>*Attorney for Plaintiff* | By: */s/ Daniel O. Culicover*<br>Sarah N. Turner WSBA# 37748<br>Daniel O. Culicover WSBA #55085<br>701 Fifth Avenue, Suite 2100<br>Seattle, WA 98104<br>Phone: (206) 695-5115<br>Email: sturner@grsm.com<br>             dculicover@grsm.com<br>*Attorneys for Defendants Joel Longares, Sr., individually, Atlas Shippers International, Inc., and Atlas Express Padala, Inc.* |

JOINT STATUS REPORT
CASE NO: 2:23-CV-00938-TSZ - 8

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822